PER CURIAM.
The appellant wife sought a final decree of divorce and other relief from the appel-lee husband, who by counterclaim also sought decree of divorce. The chancellor denied appellant’s claim for divorce and alimony and dismissed her complaint in that regard, and he granted decree of divorce to appellee. Being dissatisfied with the decision of the chancellor, appellant has instituted this appeal.
The appellant relied upon the charge of extreme cruelty as basis for her claim for decree of divorce, as did the appellee.
The chancellor personally heard the testimony of the parties and the witnesses, appraised their credibility, and made thorough and comprehensive findings as basis for his decision.
' Appellant urges that she had established a right to decree of divorce and to an allowance of alimony and that the chancellor should have awarded her a larger sum for the services of her attorneys.
The transcript of the testimony consists of several hundred pages. There is no reason to attempt to detail any of it. The testimony of the appellee as a witness was adequate to fulfill the basic requirements of proof needed to constitute the charge of extreme cruelty, and the testimony of witnesses for him met the rule of corroboration laid down by the Supreme Court of Florida in a large numbér of cases.
As to the chancellor’s refusal to grant alimony, the record conclusively shows that appellee during the course of his married life with appellant, conveyed certain real property to her. These properties are of an approximate value to appellant of $80,000. It is also indisputably proven that these properties constituted the entire lifetime earnings of the appellee and that appellant had paid no part of the consideration for them, nor did she make any contribution toward their acquisition. The chancellor found that appellant is capable by professional training and experience to earn a substantial income as an anesthetist.
With reference to appellant’s contention that a larger fee should have been awarded for services rendered by her attorneys in the case, the chancellor in granting a fee restricted the- allowance for the services to the resisting of a claim of appel lee wherein he sought to recover title to the real property held by the appellant. Suit money was also denied to appellant.
So the issue then resolves itself to the question of whether the chancellor manifestly abused his judicial discretion in declining to award alimony, a larger sum for attorneys’ fee, and suit money to appellant. We cannot say that the chancellor committed an abuse of discretion.
Appellant has filed application for an allowance of attorneys’ fee for services in the appellate court and also for certain costs incurred in the appellate court. The motion for an allowance of compensation for the services of the appellant’s attorneys in this court is hereby granted and the sum of $500 is awarded. And as to the costs the appellant is permitted to present a motion to the lower court on the question of whether or not any allowances should be made on costs incurred in the appellate court.
The final decree is affirmed.
KANNER, C. J., and ALLEN and SHANNON, JJ., concur.